IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARIO FLORES <br> (aka Talib Ibn al-Sabiyl) <br> v. | § <br> § <br> § | CIVIL ACTION NO. 6:07cv566 |
| CARLOS APPLEWHITE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Mario Flores (also known as Talib Ibn al-Sabiyl), proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Flores' complaint concerns a disciplinary case which he received.  He states that Officer Applewhite falsified a disciplinary case by saying that Flores was in possession of an object which Applewhite wrongly identified as a cell phone charger.  He said that Applewhite wrongly cited a criminal case in the disciplinary charge and then perjured himself by attesting to the validity of the charging instrument.

Flores concedes that the first time the disciplinary case proceeded against him, it was overturned, but it was retried.  He says that Captain Deel, the hearing officer, prejudiced himself by reviewing all of the documents before hearing the case, and that his counsel substitute did not conduct an adequate investigation.  In the second hearing, he says that Applewhite again perjured himself, that Deel again reviewed all of the documents, and that Deel "gave oral testimony," which Flores says showed "prosecutorial vindictiveness."

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed.  The Magistrate Judge determined that Flores' complaint is a challenge to the disciplinary case which he received, which challenge properly proceeds under Section 1983 rather than in habeas corpus because a favorable determination of the claim would not entitle Flores to accelerated release.

The Magistrate Judge stated that to bring a procedural due process claim, the plaintiff must identify a protected liberty interest.  The Magistrate Judge then reviewed the Supreme Court's decision in Sandin v. Conner, 115 S.Ct. 2293 (1995).  In that case, the Supreme Court held that the States may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, but these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Sandin, 115 S.Ct. at 2301.  The Court explained that the operative interest involved is the nature of the deprivation, rather than the language of the regulations at issue.

In the present case, the Magistrate Judge said, the deprivations imposed upon Flores included a reduction in classification status, demotion from minimum to medium custody, and the loss of good time credits.  Neither the reduction in classification status nor the demotion to medium custody implicate any constitutionally protected liberty interest.  *See* Sandin, 115 S.Ct. at 2301 (30 days of disciplinary segregation held not an atypical or significant hardship); Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996); Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000); *and* Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).

Flores also indicates that as a result of the disciplinary case, he lost good time.  Under certain circumstances, the forfeiture of good time can implicate a constitutionally protected liberty interest; this condition exists when the inmate is eligible for release on mandatory supervision.  *See* Madison

v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).  However, in this case, Flores is not eligible for release on mandatory supervision.

Consequently, the Magistrate Judge said, the fact that Flores lost good time credits also did not implicate any constitutionally protected liberty interests, because it only affected his possible release on parole, which is a privilege and not a right.  Malchi, 211 F.3d at 959.  Because Flores failed to show the violation of such a liberty interest, the Magistrate Judge recommended that the lawsuit be dismissed.

Flores filed objections to the Magistrate Judge's Report on May 16, 2008.  In his objections, he says that the Magistrate Judge misunderstood the whole basis of the lawsuit; he states that this main issue was the due process violations committed by the Defendants, but that the Magistrate Judge only touched on this, and instead discussed a parole issue not relevant to his claims.  He also says that counsel should have been appointed for him because of the complexity of the case.

Flores argues that the loss of good time credits was not a "focal point" of his case, but that he raised it because the good time credits were unlawfully taken as the result of a false disciplinary charge.  He acknowledges that the first case was dismissed due to procedural errors, but says that he was tried again.  Flores says that he was not trying to shorten his time in prison by referring to the good time credits, but merely showing that these credits were taken from him unlawfully.  He again complains that the disciplinary case made reference to a felony statute and says that a disciplinary hearing board is not a court.

The question which the Magistrate Judge addressed was whether or not Flores had shown the denial of a constitutionally protected liberty interest, which is required in order to bring forth a procedural due process claim.  Under Sandin, the district court looks to the nature of the deprivations imposed to determine if such a liberty interest is implicated.  Sandin, 115 S.Ct. at 2299.  In this case, the deprivations imposed upon Flores were the reduction in classification status, the demotion in custody level, and the loss of good time.  The reduction in classification status and the demotion in custody level clearly did not implicate any constitutionally protected liberty interests, and the

3

Magistrate Judge discussed Flores' eligibility for mandatory supervision because this was relevant to the question of whether the loss of good time would implicate a protected interest. Because the loss of good time did not do so, the Magistrate Judge concluded that Flores had failed to show the deprivation of a protected liberty interest and hence recommended that the lawsuit be dismissed.

Flores' objections argue that the Magistrate Judge did not consider his claims of denial of due process.  However, to bring a claim for denial of procedural due process, which is the basis of Flores' lawsuit, he must identify a protected liberty interest which was implicated by the alleged denial of due process.  San Jacinto Savings & Loan v. Kacal, 928 F.2d 697, 700 (5th Cir. 1991); Augustine v. Doe, 740 F.2d 322, 327 (5th Cir. 1984).  In this case, none of the deprivations visited upon Flores as a result of the disciplinary case implicated a protected liberty interest, and so the Magistrate Judge properly recommended that the lawsuit be dismissed.

In Sandin, as the Magistrate Judge explained, the plaintiff, a prisoner in Hawaii, received a disciplinary case for "high misconduct" and two others for "low misconduct."  He was not allowed to call witnesses at the hearing, and was found guilty, receiving a punishment of 30 days of disciplinary segregation.  The plaintiff brought a lawsuit claiming a denial of procedural due process, but the Supreme Court determined that the deprivation which he had sustained did not implicate any protected liberty interests, and so his procedural due process claim was without merit.  The same situation exists in this case; the punishments imposed upon Flores did not implicate any constitutionally protected liberty interests, and so his procedural due process claim is without merit.

The Court has conducted a careful *de novo* review of all of the documents in this cause, including the Plaintiff's complaint and pleadings, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.  It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

**SIGNED this 27th day of May, 2008.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE